UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RICHARD GAYTAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HILDA L. SOLIS, SECRETARY OF LABOR,<br><br>　　　　Defendant. | Case No: C 07-6367 SBA<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Docket 89. |

On December 17, 2007, pro se Plaintiff Richard Gaytan ("Plaintiff" or "Gaytan") filed a complaint against the United States Secretary of Labor ("Defendant") alleging several claims in connection with the termination of his employment with the Department of Labor's Office of Federal Contract Compliance Programs. Compl., Dkt. 1. The parties are presently before the Court on Defendant's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Dkt. 89. Plaintiff opposes the motion. Dkt. 101. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendant's motion for summary judgment, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

　　A.  **Factual Background**

On December 2, 2001, Plaintiff was hired as an Equal Opportunity Specialist (hereafter "Compliance Officer") at the GS-9 salary level. Gaytan Deposition ("Gaytan Dep.") at 242:19-243:10, Dkt. 94. He was employed by the Department of Labor ("DOL"), Office of Federal Contract Compliance Programs, Pacific Region, ("OFCCP" or "Agency")

in Oakland, California as a reemployed annuitant who served "at the will of the appointing officer." Id. at 39:17-40:6, 54:13-18, Exh. 3.  Plaintiff was assigned to work for the supervisor in Module II in the Oakland Office during the entire time that he worked for the DOL.  Id. at 232:3-5.

As a Compliance Officer, Plaintiff was responsible for participating in determining whether federal government contractors were in compliance with applicable Equal Employment Opportunity ("EEO") laws, regulations, practices and procedures, as well as assisting in conciliation and enforcement activities designed to effect compliance objectives.  Georgia Martin Declaration ("Martin Decl."), Exh. 2, Dkt. 93.  The essential functions of a Compliance Officer at the GS-9 salary level include three critical elements: (1) Quality Enforcement; (2) Work Management; and (3) Communications.  Martin Decl., Exh. 5.

A Compliance Officer meets the Quality Enforcement standard when "compliance actions are conducted in accordance with the regulations, laws, compliance manual and written policy directives; are investigatively sound, using appropriate analytical techniques and tools; are well documented in an accurate legible written report with appropriate recommendations.  [A] Compliance Officer identifies, develops and recommends to OFCCP management appropriate remedies as required."  Martin Decl., Exh. 5.  A Compliance Officer meets the Quality Work Management performance standard when he "plans and manages work assignments based on established time frames and priorities of the office.  Completes and submits compliance actions and required program reports in which the hours expended are based on the nature and complexity of the case, and related circumstances."  Id.  A Compliance Officer meets the Communications performance standard when he "maintains satisfactory working relationships.  Satisfactorily communicates orally and in writing with supervisors, co-workers, Regional Office/National Office personnel, complaints, contractors, government agencies, community groups and other customers to further OFCCP's mission and program objectives.  Participates satisfactorily, either individually or as a team member, by making contributions to the

project/work product.  Accomplishes compliance responsibilities using good judgment tact and courtesy."  Id.

Effective October 1, 2004, Plaintiff was terminated for poor work performance and failure to follow management's directions.  Woodrow Gilliland Decl. ("Gilliland Decl."), Exh. 2, Dkt. 92.  Specifically, Plaintiff's termination letter states that despite the fact that he has received extensive training and guidance and has been given the tools necessary to demonstrate acceptable performance, he has failed to meet three of his critical elements: Quality Enforcement, Work Management, and Communication.  Id.  The letter also states that Plaintiff has "not followed management's instructions," including repeatedly going to another supervisor or compliance officer for direction and assistance after being directed to go to his immediate supervisor, and by processing a specific case without submitting all work on that case to his immediate supervisor as he was instructed to do.  Id.

On July 2, 2003, Plaintiff filed a formal EEO complaint, which he subsequently amended twice.  See Michael Pyle Declaration ("Pyle Decl."), Exh. B, Dkt. 94.  On August 30, 2004, Plaintiff filed a second formal EEO complaint, which he subsequently amended once.  Id.  Plaintiff's EEO complaints claimed that he was subject to hostile work environment harassment based on his national origin, sex, age, disability (Post Traumatic Stress Disorder ("PTSD") and carpal tunnel syndrome), and prior EEO activity.  Id.  Plaintiff also claimed that he was denied reasonable accommodation for his disability.  Id.  The agency consolidated Plaintiff's complaints for resolution and issued a final agency decision on March 23, 2007, which concluded that Plaintiff's claims lacked merit.  Id.

On April 25, 2007, Plaintiff appealed the final agency decision to the Office of Federal Operations of the U.S. Equal Opportunity Commission ("OFO").  See Pyle Decl., Exh. C.  On September 12, 2007, the OFO affirmed the agency's final decision.  Id.

**B.     Procedural History**

On December 17, 2007, Plaintiff, proceeding pro se, commenced the instant action against Defendant, alleging discrimination, wrongful termination, and constitutional violations in connection with his termination.  See Compl.  On August 29, 2008, Defendant

- 3 -

**1** filed a motion to dismiss all the claims alleged in the complaint except for the claims
**2** arising under the Rehabilitation Act of 1973, 29 USC § 791.  Dkt. 17.  On March 26, 2009,
**3** Plaintiff filed two responses to the motion.  Dkt. 37, 38.  On March 31, 2009, the Court
**4** granted Defendant's motion to dismiss.  Dkt. 39.

**5** On November 11, 2010, this case was reassigned to the undersigned.  Dkt. 71.  On
**6** March 23, 2012, Defendant filed a motion for summary judgment.  Dkt. 89.  Plaintiff filed
**7** an opposition on May 9, 2012.  Dkt. 101.  A reply was filed on May 15, 2012.  Dkt. 102.

**8** II.    **DISCUSSION**

**9**        A.    **Legal Standard**

**10** Summary judgment is proper if the movant "shows that there is no genuine dispute
**11** as to any material fact and the movant is entitled to judgment as a matter of law."
**12** Fed.R.Civ.P. 56(a).  The moving party bears the initial burden of demonstrating the absence
**13** of a "genuine issue of material fact for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S.
**14** 242, 256 (1986).  When the nonmoving party bears the burden of proving the claim, the
**15** moving party need only point out through argument that the nonmoving party does not have
**16** enough evidence of an essential element of his claim to carry his ultimate burden of
**17** persuasion at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Devereaux v.
**18** Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001); Fairbank v. Wunderman Cato Johnson, 212
**19** F.3d 528, 532 (9th Cir. 2000).  Summary judgment for a defendant is appropriate when the
**20** plaintiff fails to make a showing sufficient to establish the existence of an element essential
**21** to her case, and on which she will bear the burden of proof at trial.  Cleveland v. Policy
**22** Management Sys. Corp., 526 U.S. 795, 805-806 (1999).

**23** Once the moving party has met its burden, the burden shifts to the nonmoving party
**24** to designate specific facts showing a genuine issue for trial.  Celotex, 477 U.S. at 324.  A
**25** party asserting that a fact is genuinely disputed must support the assertion by "citing to
**26** particular parts of materials in the record, including depositions, documents, electronically
**27** stored information, affidavits or declarations, stipulations (including those made for
**28**

purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A).

To carry its burden, the nonmoving party must show more than the mere existence of a scintilla of evidence, <u>Anderson</u>, 477 U.S. at 252, and "do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In fact, the nonmoving party must come forth with evidence from which a jury could reasonably render a verdict in the nonmoving party's favor. <u>Anderson</u>, 477 U.S. at 252. In determining whether a jury could reasonably render a verdict in the nonmoving party's favor, all justifiable inferences are drawn in the nonmoving party's favor. <u>Id.</u> at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. <u>Dias v. Nationwide Life Ins. Co.</u>, 700 F.Supp.2d 1204, 1214 (E.D. Cal. 2010). To establish a genuine dispute of material fact, a Plaintiff must present affirmative evidence; bald assertions that genuine issues of material fact exist are insufficient. <u>Galen v. County of Los Angeles</u>, 477 F.3d 652, 658 (9th Cir. 2007). Further, evidence that is merely colorable or that is not significantly probative, is not sufficient to withstand a motion for summary judgment. <u>Anderson</u>, 477 U.S. at 249-250 (citations omitted).

**B.     Rehabilitation Act**

Both disparate treatment of a disabled person and refusal to make a reasonable accommodation for a disabled person are actionable under the Rehabilitation Act of 1973, 29 U.S.C. § 791. See <u>Vinson v. Thomas</u>, 288 F.3d 1145, 1154 (9th Cir. 2002); <u>Mustafa v. Clark County Sch. Dist.</u>, 157 F.3d 1169, 1176 (9th Cir. 1998). Although unclear, Plaintiff's complaint appears to allege that Defendant terminated him because of his disability and failed to reasonably accommodate his disability in violation of the Rehabilitation Act. The complaint alleges in the "Basic Summary of Action" section that Plaintiff was denied "accommodation for service-connected disability based upon Post-Traumatic Stress Disorder." Compl. ¶ 5. At his deposition, Plaintiff testified that he is complaining about

two things in this case: (1) his termination from the DOL; and (2) the DOL's failure to accommodate his PTSD prior to his termination.  Gaytan Dep. at 108:19-109:4.  For purposes of this motion, the Court will assume, without deciding, that the complaint states a failure to accommodate claim under the Rehabilitation Act.

### 1.     Disparate Treatment

Federal employees seeking redress for disability discrimination must rely on Section 501 of the Rehabilitation Act, 29 U.S.C. § 791.  See Johnston v. Horne, 875 F.2d 1415, 1420-1421 (9th Cir. 1989) overruled on other grounds as recognized in Williams–Scaife v. Dep't of Def. Dependent Schs., 925 F.2d 346, 348 n. 4 (9th Cir. 1991); Rogers v. Potter, 2010 WL 1608867, at *5 (N.D. Cal., 2010) (Armstrong, J.).  Section 501 of Rehabilitation Act borrows its substantive standards from the Americans with Disabilities Act ("ADA").  Lopez v. Johnson, 333 F.3d 959, 961 (9th Cir. 2003) (citing 29 U.S.C. § 791(g)); Coons v. Sec'y of the U.S. Dept. of Treasury, 383 F.3d 879, 884 (9th Cir. 2004) ("The standards used to determine whether an act of discrimination violated the Rehabilitation Act are the same standards applied under the [ADA]").

To state a prima facie case under Section 501 of the Rehabilitation Act, a plaintiff must demonstrate that (1) he is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of his disability.  Walton v. U.S. Marshals Serv., 492 F.3d 998, 1005 (9th Cir. 2007).  A plaintiff must demonstrate that his disability was a "motivating factor" behind the discrimination.  See 29 U.S.C. § 591(g) (adopting standards for ADA for claims under Section 501 of the Rehabilitation Act, including 42 U.S.C. § 12112, which prohibits discrimination "against a qualified individual with a disability because of the disability  . . .").

"The term 'qualified,' with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position."  29 C.F.R. § 1630.2(m).  "The term essential functions means the fundamental job duties of

the employment position the individual with a disability holds or desires.  The term 'essential functions' does not include the marginal functions of the position." 29 C.F.R. § 1630.2(n)(1).

"If the plaintiff makes out a prima facie case of wrongful termination under the Act, the burden shifts to the defendant who must demonstrate a legitimate nondiscriminatory reason for the termination." Lucero v. Hart, 915 F.2d 1367, 1371 (9th Cir. 1990).  If defendant articulates a legitimate, non-discriminatory reason for the action, the burden then shifts back to the plaintiff to produce evidence showing that the reason offered by the defendant is pretextual.  See Smith v. Barton, 914 F.2d 1330, 1339-1140 (9th Cir. 1990) (applying McDonnell Douglas framework for Title VII discrimination claims to discrimination claim brought under ADA).  A plaintiff "may demonstrate pretext either directly by persuading the court that a discriminatory reason likely motivated [the defendant] or indirectly by showing that [the defendant's] proffered explanation is unworthy of credence." Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1212 (9th Cir. 2008) (citation and quotation marks omitted) (applying McDonnell Douglas burden-shifting framework to claim under the Age Discrimination in Employment Act).

Defendant moves for summary judgment on the ground that Plaintiff cannot establish a prima facie case of wrongful termination under the Rehabilitation Act.  Specifically, Defendant contends that Plaintiff cannot show that he was "qualified for employment" or that his termination was motivated by discriminatory animus.  In addition, Defendant argues that even if Plaintiff could establish a prima facie case of wrongful termination based on disability discrimination, he cannot establish that the decision to terminate his employment was pretextual.  In response, Plaintiff does not address the arguments made by Defendant or cite to any evidence in support of his disparate treatment claim.  Instead, he states that "[u]pon his Opposition to Defendant[']s Summary Judgment, Plaintiff can sustain that he was disparately treated, constructively discharged, and deprived of his constitutional rights to due process, with a racial, age, and disability animus."

1    The Court finds that summary judgment is appropriate with respect to Plaintiff's
2 disparate treatment claim.  Plaintiff did not produce evidence showing that he is "qualified
3 for employment," and that he "suffered discrimination because of [his] disability."  Walton,
4 492 F.3d at 1005.  Defendant met its initial burden on summary judgment by contending
5 that Plaintiff does not have sufficient evidence to support the elements of his prima facie
6 case of wrongful termination under the Rehabilitation Act.  Fairbank, 212 F.3d at 532.
7 Plaintiff, however, failed to sustain his burden to designate specific facts showing that there
8 is a genuine issue for trial.  Celotex, 477 U.S. at 324.  Plaintiff did not point to any evidence
9 in the record showing that he is qualified for employment within the meaning of 29 C.F.R.
10 § 1630.2(m), i.e., evidence demonstrating that he is an individual with a disability who,
11 with or without reasonable accommodation, can perform the essential functions of a
12 Compliance Officer.  See Dark v. Curry County, 451 F.3d 1078, 1086 (9th Cir. 2006) ("The
13 ADA defines a 'qualified individual' as an individual 'with a disability who, with or without
14 reasonable accommodation, can perform the essential functions of the employment position
15 that such individual holds or desires.' ").  Nor did Plaintiff produce evidence showing that
16 his disability was a motivating factor in his termination.  Therefore, summary judgment in
17 favor of Defendant is warranted.  See Forsberg v. Pac. Northwest Bell Tel. Co., 840 F.2d
18 1409, 1418 (9th Cir. 1988) (courts are not required to comb the record to find some reason
19 to deny a motion for summary judgment).
20    Moreover, even assuming for the sake of argument that Plaintiff established a prima
21 facie case of wrongful termination under the Rehabilitation Act, which he has not,
22 Defendant has articulated legitimate, non-discriminatory reasons for terminating Plaintiff.
23 According to Defendant, Plaintiff was terminated because of poor work performance and
24 his failure to follow management's instructions.  Gilliland Decl., Exh. 2.  Where the
25 employer presents legitimate reasons for the challenged action, "the burden shifts back to
26 the employee to demonstrate a triable issue of fact as to whether such reasons are
27 pretextual."  Pardi v. Kaiser Found. Hosps., 389 F.3d 840, 849 (9th Cir. 2004).  Plaintiff
28 failed to raise a genuine issue of fact as to pretext.  Plaintiff did not produce any evidence

showing that the reasons offered by Defendant for his termination are merely a pretext for unlawful discrimination.  To the extent Plaintiff attempts to claim that his termination was pretextual in his opposition, mere assertions in a legal brief without factual support are insufficient to create a genuine issue of material fact for trial.  See Surrell v. California Water Service Co., 518 F.3d 1097, 1103 (9th Cir. 2008) ("Conclusory statements without factual support are insufficient to defeat a motion for summary judgment."); S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., 690 F.2d 1235, 1238 (9th Cir. 1982) ("a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda").

Accordingly, for the foregoing reasons, summary judgment as to Plaintiff's disparate treatment claim under the Rehabilitation Act is GRANTED.

### 2. Failure to Accommodate

The Rehabilitation Act requires government agencies to reasonably accommodate an employee's disability.  See Buckingham v. United States, 998 F.2d 735, 739 (9th Cir. 1993); see also Lopez, 333 F.3d at 960.  When a plaintiff alleges a failure to accommodate a disability under the Rehabilitation Act, the burden is on the plaintiff to prove that he is a qualified individual with a disability, and that "with or without reasonable accommodation," he could perform the essential functions of his job.  Buckingham, 998 F.2d at 739-740.  If accommodation of the disability is required to enable the plaintiff to perform the essential functions of his job, the plaintiff must provide evidence sufficient to make at least a facial showing that a reasonable accommodation is possible.  Id. at 740.  If in response to the plaintiff's evidence that reasonable accommodation can be made, the employer presents credible evidence that reasonable accommodation is not possible or practicable, the plaintiff bears the burden of coming forward with evidence that suggests that accommodation may in fact be reasonably made.  See Sisson v. Helms, 751 F.2d 991, 993 (9th Cir. 1985).

Defendant moves for summary judgment on the ground that Plaintiff cannot demonstrate that he is a qualified individual with a disability.  In response, Plaintiff does

1 not address this argument or cite to any evidence in support of his failure to accommodate
2 claim.  As such, the Court finds that summary judgment is appropriate with respect to this
3 claim.  As noted above, Plaintiff did not produce any evidence showing that he is a
4 "qualified" individual within the meaning of 29 C.F.R. § 1630.2(m).  Defendant satisfied its
5 initial burden on summary judgment by contending that Plaintiff does not have sufficient
6 evidence to demonstrate that he is a qualified individual with a disability.  Fairbank, 212
7 F.3d at 532.  Plaintiff, however, failed to sustain his burden to designate specific facts
8 showing that there is a genuine issue for trial.  Celotex, 477 U.S. at 324.  Plaintiff did not
9 cite to any evidence in the record showing that he is a qualified individual with a disability.
10 Therefore, summary judgment as to Plaintiff's failure to accommodate claim under the
11 Rehabilitation Act is GRANTED.

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for summary judgment is GRANTED.

2. This Order terminates Docket 89.

3. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 6/14/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GAYTAN et al,

       Plaintiff,

 v.

SOLIS et al,

       Defendant.
_____/

Case Number: CV07-06367 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 21, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Gaytan
433 Red Lion Way
Newman, CA 95360

Dated: June 21, 2012

                          Richard W. Wieking, Clerk

                               By: Lisa Clark, Deputy Clerk